TRITIA M. MURATA (CA SBN 234344)
TMurata@mofo.com
NEIL S. TYLER (CA SBN 301719)
NTyler@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendants JBS USA
FOOD COMPANY and SWIFT BEEF
COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE STOLL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JBS USA FOOD CO. dba SWIFT BEEF COMPANY, a California business, form unknown; JBS CASE READY, a California business, form unknown; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:21-cv-1111<br><br>**NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 [DIVERSITY JURISDICTION]**<br><br>Removed from the Superior Court of the State of California, County of Riverside<br><br>Case No. CVRI2000256 |

1
DEFENDANTS' NOTICE OF REMOVAL

sf-4520544

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants JBS USA Food Company and Swift Beef Company ("Defendants") hereby remove the above-captioned state court action currently pending in the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California. Removal of the action is proper for the reasons listed below:

1. On or about November 17, 2020, Plaintiff Lane Stoll ("Plaintiff") filed this civil action in the Superior Court of California, County of Riverside, captioned *Lane Stoll v. JBS USA Food Co. dba Swift Beef Company, et al.*, Case No. CVRI2000256 (the "State Court Action"). On June 3, 2021, Plaintiff served Defendants with the Complaint. True and correct copies of all process, pleadings, and orders that have been served on Defendants in this action, as well as the Answer filed by Defendants in the State Court Action, are attached hereto collectively as ***Exhibit A***.

2. Plaintiff alleges he was employed by Defendants and "JBS Case Ready" as an operations manager until the termination of his employment on March 13, 2020. (Cmplt. ¶¶ 10, 11, 14.)  Plaintiff asserts seven causes of action against Defendants and "JBS Case Ready":  (1) retaliation in violation of California Labor Code § 1102.5*;* (2) national origin discrimination in violation of violation of California's Fair Employment and Housing Act ("FEHA"), California Gov't Code §§12940 et seq; (3) failure to take reasonable steps to prevent discrimination, harassment, and retaliation in violation of California Gov't Code §§12940(k); (4) retaliation in violation of FEHA*;* (5) wrongful termination in violation of public policy; (6) violation of the California Unfair Business Practices Act; and (7) workplace harassment in violation of the California Constitution and FEHA.  (Cmplt. ¶¶ 16-63.)  Plaintiff seeks relief for lost earnings and benefits, emotional and mental distress; attorneys' fees, witness

DN 6035163.1

1  fees, and costs; punitive damages; interest; and injunctive relief.  (Cmplt. at p. 11
2  [Prayer].)

3        3.      Defendants filed their Answer in the State Court Action on July 1, 2021.

4        4.      JBS USA Food Company and Swift Beef Company are the only
5  defendants that are existing active entities and, therefore, no other defendant must join
6  in this removal.  *See* 28 U.S.C. § 1446(b)(2)(A).

7        5.      The Complaint names as a defendant one other purported entity, "JBS
8  Case Ready," which has never existed.  (Declaration of Kim Pryor ("Pryor Decl.") ¶
9  4.)  A purported defendant that is a non-existent business entity is not required to join
10 in or consent to the removal of a case, nor is the citizenship of the non-existent entity
11 considered for purposes of complete diversity of citizenship. *See United Computer*
12 *Sys., Inc. v. AMT Corp.,* 298 F.3d 756, 765 (9th Cir. 2002) ("nominal" defendants
13 need not consent to removal); *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*,
14 2009 WL 4506298, *2 (S.D. Ill. Nov. 26, 2009) (consent of non-existent entity not
15 required for removal); *Gowdy v. Caliber Auto Transfer of St. Louis, Inc.,*  2009 WL
16 3584254, *1 (S.D. Ill. Oct. 27, 2009) (same); *Mullen v. Bobcat Co.,*  2008 WL
17 4147401, *1-3 (W.D.N.Y. Sept. 2, 2008) (same); *City of Cleveland v. Deutsche Bank*
18 *Trust Co.,* 571 F.Supp.2d 807, 818-21 (N.D. Ohio 2008) (same); *Bernsten v. Balli*
19 *Steel, PLC,* Civil Action No. 08-62, 2008 WL 862470, at *2-8 (E.D. Pa. Mar.31,
20 2008) (same).  Accordingly, the nonexistent defendant "JBS Case Ready" need not
21 be addressed herein.

22       6.      This Notice is effected properly and timely pursuant to 28 U.S.C.
23 § 1446(b) because it has been filed within 30 days after Defendants were properly
24 served with a copy of the Summons and Complaint.

25       7.      This action is properly removable to the United States District Court for
26 the Central District of California pursuant to 28 U.S.C. § 1446(a) because the Superior
27 Court of California, County of Riverside, in which this case was brought, lies within
28 this district.

DEFENDANTS' NOTICE OF REMOVAL

DN 6035163.1

8.     Defendants will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of California, County of Riverside, pursuant to 28 U.S.C. § 1446(d).

### THIS COURT HAS DIVERSITY JURISDICTION

9.     Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this matter because it is a civil action between citizens of different States where the matter in controversy exceeds the sum or value of $75,000.

### CITIZENSHIP

10.     Plaintiff alleges he is a resident of Riverside County, California. (Cmplt. ¶ 1).   "[W]hile residence and citizenship are not the same, a person's place of residence is *prima facie* evidence of his or her citizenship." *McEntire v. Kmart Corp.*, 2010 WL 553443, *3 (D.N.M. Feb. 9, 2010).  "[P]roof that a person is a resident of a state is prima facie evidence that he is a citizen thereof, and supposedly shifts the burden of showing that his domicile and citizenship is other than the place of his residence to him who alleges it." 13E Fed. Prac. & Proc. Juris. § 3611 (3d ed.) (quotation marks and citation omitted).  Based on Plaintiff's allegation regarding his residency (*see* Compl. ¶ 1), Defendant alleges that Plaintiff is a citizen of California.

11.     Defendant JBS USA Food Company is the parent company of Defendant Swift Beef Company.  (Pryor Dec. ¶ 3.)  Both JBS USA Food Company and Swift Beef Company are now, and were at the time this action was commenced, citizens of States other than California within the meaning of 28 U.S.C. § 1332(c)(1).   A corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

12.     Despite Plaintiff's allegation otherwise (Cmplt. ¶ 2), Defendants JBS USA Food Company and Swift Beef Company are now, and were at the time this

4

1  action was commenced, incorporated in the State of Delaware.  (Pryor Dec. ¶ 2-3.)

2  The principal place of business for Defendants JBS USA Food Company and Swift

3  Beef Company is now, and was at the time this action was commenced, in the State

4  of Colorado.  (*Id.*)  Specifically, both JBS USA Food Company and Swift Beef

5  Company have their headquarters and principal places of business in Greeley,

6  Colorado. (*Id.*) Accordingly, Defendants JBS USA Food Company and Swift Beef

7  Company are citizens of the States of Delaware and Colorado.

8      13.    Plaintiff's Complaint also names as Defendants "Does 1 through 20."

9  Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious

10  names must be disregarded for the purpose of determining diversity jurisdiction.

11  Further, to Defendants' knowledge, no fictitious defendant has been served; thus,

12  none need join in this Notice of Removal.  *See Salveson v. Western States Bankcard*

13  *Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not

14  served need not be joined; the defendants summon[]ed can remove by themselves.").[1]

15      14.    Therefore, because Plaintiff is a citizen of California and Defendants are

16  citizens of Delaware and Colorado, complete diversity existed and continues to exist

17  between Plaintiff and Defendants, both at the time the State Court Action was filed

18  and at the time of removal to this Court.

19          **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

20      15.    Without making an admission of liability or damages with respect to any

21  aspect of this case, Defendants represent that they have a good faith belief that the

22  amount placed in controversy by Plaintiff's claims exceeds the jurisdictional

23  minimum.

24      16.    Defendants can establish the amount in controversy by the allegations in

25  the Complaint, or by setting forth facts in the Notice of Removal that demonstrate that

---

[1] Again, "JBS Case Ready" is a nonexistent entity and should be ignored for the purposes of diversity jurisdiction.  (*See* ¶ 5, *supra*.)

DEFENDANTS' NOTICE OF REMOVAL

sf-4520544

DN 6035163.1

1    the amount in controversy "more likely than not" exceeds the jurisdictional minimum.

2    *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996). "[T]he

3    amount in controversy is simply an estimate of the total amount in dispute, not a

4    prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627

5    F.3d 395, 400 (9th Cir. 2010).  In measuring the amount in controversy, a court must

6    assume that the allegations of the Complaint are true and that a jury will return a

7    verdict for Plaintiff on all claims made in the Complaint.  *Kenneth Rothschild Trust*

8    *v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The

9    ultimate inquiry is what amount is put "in controversy" by Plaintiff's complaint, not

10   what Defendants will actually owe.  *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d

11   982, 986 (S.D. Cal. 2005). Economic damages, non-economic damages, punitive

12   damages, and attorneys' fees are all be included in determining the amount in

13   controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.

14   1998) (prayer for attorneys' fees included in determining the amount in controversy

15   where such fees are potentially recoverable by statute).  The Court may examine the

16   nature of the action and the relief sought and take judicial notice of attorneys' fee

17   awards in similar cases. *See, e.g., Simmons v. PCR Technology,* 209 F. Supp. 2d 1029,

18   1034-35 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment cases

19   often exceed damages).  Furthermore, such fees are calculable beyond the time of

20   removal. *Id.*

21        17.    Plaintiff asserts claims for employment discrimination and retaliation, as

22   well as wrongful termination in violation of public policy, and seeks the following

23   relief: lost earnings, lost benefits, emotional and mental distress damages, punitive

24   damages, and attorneys' fees and costs.  (Cmplt. ¶¶ 22-24, 30-32, 36-38, 43-45, 49-

25   51, 55-57, 61-63, and p. 11 [Prayer].)

26        18.    Plaintiff alleges that his employment was terminated on March 13, 2020.

27   (*Id.* ¶ 14.)  At the time of his termination, Plaintiff was a full-time employee and

28   earned a salary of $114,000 per year.  (Declaration of Araceli Burket ¶ 3.)  Plaintiff

1    seeks damages for lost wages from the time of his termination. *See Chavez v.*
2    *JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) ("the amount in
3    controversy is not limited to damages incurred prior to notice of removal," but rather
4    "encompasses all relief a court may grant on [the] complaint if the plaintiff is
5    victorious").  Thus, since Plaintiff's termination nearly 16 months ago, Plaintiff has
6    allegedly accrued approximately $152,000 in lost wages to date, with that amount
7    growing as the case progresses.

8        19.    Plaintiff also seeks emotional distress damages and punitive damages.
9    (Cmplt. ¶¶ 22-24, 30-32, 36-38, 43-45, 49-51, 55-57, 61-63, and p. 11 [Prayer].)
10   Emotional distress damages may be considered in calculating the amount in
11   controversy even if not clearly pleaded in the complaint.  *See Simmons v. PCR*
12   *Technology*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002); *see also Richmond v.*
13   *Allstate Ins. Co.*, 897 F. Supp.447, 449-450 (S.D. Cal. 1995).  Plaintiff's prayer for
14   emotional distress damages further augments the foregoing amounts and
15   demonstrates that the jurisdictional prerequisite for removal of this action is
16   met.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's
17   claims for pain and suffering and humiliation properly may be factored into the
18   jurisdictional analysis for purposes of removal).

19       20.    A defendant may introduce evidence of jury verdicts in other cases as
20   evidence of a plaintiff's potential emotional distress damages.  *Cain v. Hartford Life*
21   *& Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *Mejia v. Parker*
22   *Hannifin Corp.*, 2018 WL 582325, *3 (C.D. Cal. Jan. 26, 2018).  Such cases must be
23   factually analogous, but they need not be identical.  *See, e.g.*, *Castillo v. ABM Indus.,*
24   *Inc.*, 2017 WL 5609791, *3-4 (C.D. Cal. Nov. 20, 2017).

25       21.    Although Defendants dispute that Plaintiff is entitled to any such award,
26   plaintiffs in employment discrimination and retaliation cases analogous to the
27   disputed allegations in the current case have been awarded substantial sums for
28   emotional distress.  *See, e.g., Lave v. Charter Communications L.L.C.*, 35 Trials

Digest 20th 2, 2017 WL 3712924 (Cal. Super.) (awarding $575,000 in emotional distress damages for, among other things, discrimination in violation of FEHA, wrongful termination in violation of public policy, failure to remedy and/or prevent discrimination and retaliation, and retaliation in violation FEHA); *Kourounian v. Cal. Dep't of Tax and Fee Admin.*, JVR No. 1911260030, 2019 WL 6320930 (Cal. Super.) (jury verdict in Los Angeles County Superior Court in favor of plaintiff alleging retaliation in violation of FEHA, and awarding plaintiff $358,368 in emotional distress damages); *Thompson v. City of Pasadena*, JVR No. 1907200003, 2019 WL 3253130 (Cal. Super.) (jury verdict in Los Angeles County Superior Court in favor of plaintiff alleging retaliation in violation of FEHA and Labor Code § 1102.5, and awarding plaintiff $500,000 in emotional distress damages). Based on the foregoing cases, Defendants estimate that Plaintiff's claims have placed in dispute at least $75,000 in emotional distress damages.

22. The amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Miller v. Michigan Millers Ins. Co.,* 1997 WL 136242, *4 (N.D. Cal. 1997) (Patel, J., presiding); *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 450 (S.D. Cal. 1995). Plaintiff brings claims pursuant to FEHA. Punitive damages are available under FEHA. Cal. Gov't Code § 12940. Accordingly, the Court may consider punitive damages when determining the amount in controversy. To establish probable punitive damages, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

23. Juries in California have awarded substantial amounts in punitive damages for claims arising under FEHA. *See, e.g. Donnell v. Natvan, Inc.*, JVR No. 1808060019 (Cal. Super.) (jury verdict in Los Angeles County Superior Court in favor of plaintiff alleging national origin and race discrimination under FEHA and constructive discharge in violation of public policy, and awarding plaintiff $125,000

DEFENDANTS' NOTICE OF REMOVAL

sf-4520544

DN 6035163.1

1   in punitive damages); *Wu v. World Journal, Inc.*, 6 Trials Digest 12th 12, 2007 WL

2   5987126 (Cal. Super.) (jury verdict awarding a total of $100,000 in punitive damages

3   to plaintiff alleging employment discrimination and retaliation). Based on the

4   foregoing cases, Defendants estimate that Plaintiff has placed in dispute at least

5   $75,000 in punitive damages.

6       24.   In total, the amount in controversy in this action more likely than not

7   exceeds the jurisdictional threshold, even without taking into account Plaintiff's

8   request for attorneys' fees. But in addition to Plaintiff's claimed damages, Plaintiff

9   also seeks an award of attorney's fees with respect to each cause of action in his

10  Complaint. (Compl. at p. 11 [Prayer].) The Ninth Circuit has held that "where an

11  underlying statute authorizes an award of attorneys' fees, either with mandatory or

12  discretionary language, such fees may be included in the amount in controversy."

13  *Galt G/S*, 142 F.3d at 1156. Courts have interpreted *Galt* to allow a removing

14  defendant to add to the amount in controversy a reasonable estimate of plaintiff's

15  attorney's fees likely to be incurred through the resolution of the case. *See, e.g., Brady*

16  *v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("[A]

17  reasonable estimate of fees likely to be incurred to resolution is part of the benefit

18  permissibly sought by the plaintiff and thus contributes to the amount in

19  controversy.").

20      25.   A reasonable estimate of the attorneys' fees likely to be incurred by

21  Plaintiff through trial easily exceeds $75,000 in this case asserting seven claims

22  against two alleged entities for alleged employment discrimination, retaliation,

23  wrongful termination, and unfair business practices. Accordingly, the jurisdictional

24  threshold is more likely than not exceeded based on attorneys' fees alone.

25      26.   For the reasons stated above, this Court has diversity jurisdiction over

26  this action pursuant to 28 U.S.C. § 1332, so this action is removable pursuant to 28

27  U.S.C. § 1441(b).

28

DEFENDANTS' NOTICE OF REMOVAL

DN 6035163.1

sf-4520544

1    27.    By filing this Notice of Removal, Defendants do not waive and expressly

2 reserve all rights, objections, and defenses in this case.

3
Dated: July 2, 2021                MORRISON & FOERSTER LLP
4

5

6                                  By:  _____/s/ Tritia M. Murata_____
                                        Tritia M. Murata
7
                                   Attorneys for Defendant JBS USA FOOD
8                                  COMPANY and SWIFT BEEF COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DN 6035163.1

sf-4520544

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO ~~DEFENDANT:~~**
**~~(AVISO AL DEMANDADO):~~**

JBS USA FOOD CO. dba SWIFT BEEF COMPANY, a California business, form unknown; please see attachment for more parties

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

LANE STOLL, an individual

**FILED**
Superior Court of California
County of Riverside
**11/17/2020**
L. Mercado-Burni
Electronically Filed

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): Riverside County Superior Court | CASE NUMBER:<br>(Número del Caso):<br>**CVRI2000256** |
|---|---|

4050 Main Street
Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Regina Spurley, 300 N. Lake Ave., Suite 1100, Pasadena, California 91101, 310-285-8595

| DATE: November 17, 2020<br>(Fecha)    **11/17/2020** | Clerk, by<br>(Secretario)   *Patricia Mercado* | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):
**JBS USA Food Co. dba Swift Beef Company, a California business, form unknown**
under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☑ by personal delivery on (date): 6/3/21

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A, Page 11

**SUM-200(A)**

| | |
|---|---|
| SHORT TITLE:<br>Stoll v. JBS USA Food Co. dba Swift Beef Company, et al. | CASE NUMBER: |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

JBS CASE READY, a California business, form unknown; and DOES 1 through 20, inclusive,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**FILED**
Superior Court of California
County of Riverside
**11/17/2020**
**L. Mercado-Burni**
**Electronically Filed**

1 | **LAW OFFICES OF REGINA SPURLEY**
  | Regina Spurley (SBN 256908)
2 | 300 N. LAKE AVE., SUITE 1100
  | PASADENA, CALIFORNIA 91101
3 | TELEPHONE: (310) 285-8595
  | TELEFAX:    (310) 300-2112
4 | regina@raafirm.com

5 | Attorneys for Plaintiff,
  | LANE STOLL
6 |

7 |

8 | ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | ## COUNTY OF RIVERSIDE

10 |

11 | LANE STOLL, an individual,

   | **Case No.**   **CVRI2000256**

12 |         Plaintiff,

   | **COMPLAINT FOR:**

13 |    vs.

   | 1. **VIOLATION OF LABOR CODE**
14 | JBS USA FOOD CO. dba SWIFT BEEF
   | **SECTION 1102.5;**
   | COMPANY, a California business, form
   | 2. **NATIONAL ORIGIN**
15 | unknown; JBS CASE READY, a California
   | **DISCRIMINATION;**
   | business, form unknown; and DOES 1 through
   | 3. **FAILURE TO TAKE**
16 | 20, inclusive,
   | **REASONABLE STEPS TO**
   | **PREVENT DISCRIMINATION,**
17 |         Defendants.
   | **HARASSMENT AND**
   | **RETALIATION;**
   | 4. **RETALIATION;**
18 | 5. **WRONGFUL TERMINATION;**
   | 6. **VIOLATION OF UNFAIR**
19 | **BUSINESS PRACTICES ACT;**
   | **AND,**
20 | 7. **HOSTILE WORKPLACE.**

21 |

22 |

23 |

24 |    COMES NOW Plaintiff LANE STOLL and hereby demanding a trial by jury, complains

25 | and alleges on information and belief against Defendant JBS USA FOOD CO. dba SWIFT BEEF

   | COMPANY ("Defendant"), as follows:

26 | ### THE PARTIES

27 |    1.    Plaintiff Lane Stoll at all times mentioned herein was an individual residing in the

28 |

Exhibit A, Page 13

1 County of Riverside, State of California.

2       2.      Plaintiff is informed and believes, and based thereon alleges, that Defendant JBS
3 USA Food Co. dba Swift Beef Company ("Swift") is a business organized pursuant to the laws of
4 the State of California, and authorized to conduct business in the County of Riverside, State of
5 California.

6       3.      Plaintiff is informed and believes, and based thereon alleges, that Defendant JBS
7 Case Ready ("Case Ready") is a business organized pursuant to the laws of the State of California,
8 and authorized to conduct business in the County of Riverside, State of California.

9       4.      Plaintiff does not know the true names and capacities of Defendants sued herein as
10 DOES 1-20, inclusive, and therefore sue said Defendants by such fictitious names pursuant to
11 California Code of Civil Procedure section 474. Plaintiff will amend this Complaint to state the
12 true names and capacities of the fictitiously named Defendants when the same are ascertained.
13 Plaintiff are informed and believe and based thereon allege that each of the fictitiously named
14 Defendants is legally responsible in some manner for the events and damages alleged in this
15 Complaint under the causes of action stated herein.

16      5.      Plaintiff is informed and believes and based thereon alleges that at all times
17 mentioned herein, each of the Defendants was the agent, partner, joint venturer, associate, or
18 employee of one or more of the other Defendants and was acting in the course and scope of such
19 agency, partnership, joint venture, association, or employment when the acts giving rise to the
20 cause of action occurred.

21                              **JURISDICTION AND VENUE**

22      6.      The harm complained of in this complaint occurred in Riverside County and all
23 defendants reside therein.

24      7.      Plaintiff has sustained damages in excess of the minimal jurisdictional requirement
25 of this court. Plaintiff filed an administrative complaint with the Department of Fair Employment
26 and Housing on November 16, 2020, and received a Notice of Case Closure containing
27 authorization or Right to Sue.

28      8.      Defendants have business operations is in Riverside County.

Exhibit A, Page 14

## FACTS COMMON TO ALL CAUSES OF ACTION

9.     Plaintiff is of Canadian national origin. Plaintiff obtained his Bachelor of Science and Master of Science degrees in Food Science from a Canadian university.

10.     In December 2014, Plaintiff was hired by the Canadian unit of JBS. Plaintiff excelled at his job. In 2014, Plaintiff's direct superior, the Vice-President of the Canadian business unit of a predecessor entity, became President of JBS's new Case Ready business unit in the United States. Plaintiff, and four other Canadian co-workers, were then hand selected by the new President of JBS Case Ready to be transferred alongside him to this new JBS unit, which included the JBS Case Ready Business Unit, a part of JBS USA Food Co. dba Swift Beef Company.

11.     Plaintiff started at JBS/Swift as Technical Services Manager and in 2017 was promoted to Operations Manager. Plaintiff received exemplary performance reviews until he began complaining to his superiors concerning what Plaintiff believed were violations of law.

12.     As Operations Manager, Plaintiff's job was to reduce labor costs and manufacturing costs.  In 2017, the facility that Plaintiff was managing was having serious problems with employee timekeeping, including tracking employee overtime, lunches and breaks. The timekeeping system that JBS/Swift was using allowed for instances of inaccurate timekeeping and either paying employees for time that they did not work, or failing to pay employees for time that they did work. Plaintiff brought up this issue to his superiors and identified that there was a potential for liability due to the timekeeping inaccuracies.

13.     Plaintiff's superiors ignored his complaints, even after JBS employees filed a class action against JBS for various wage and hour issues in a sister facility located in Sante Fe Springs, California. Plaintiff advocated that JBS/Swift should install automatic door scanners on the production floor, so that employees were required to swipe their badge every time they entered and left. This would allow the company to track employee time and to match the employees' reported time on their timecards to their actual time in the facility. JBS/Swift refused to do so, which was becoming an issue because after the class action, in early 2020, Plaintiff was still dealing with employees who claimed to be missing lunches and breaks and who were changing their timekeeping records to make it appear that they had taken a lunch/break when that had not

Exhibit A, Page 15

1   occurred. However, because the timekeeping system was unreliable, there was no way to

2   determine whether or not those employees were getting timely lunches/breaks. Plaintiff believed

3   that JBS/Swift was in violation of the wage and hour laws again and reported it to the plant

4   General Manager and to Human Resources.

5         14.   Within weeks of Plaintiff's complaints, on March 10, 2020, Plaintiff was given a

6   written warning and suspended. Defendants fabricated the reason for the written warning and

7   made it appear as if Defendants were the ones who discovered the wage and hour issues at

8   Plaintiff's plant and blamed Plaintiff for the timekeeping issues. Plaintiff was fired on March 13,

9   2020, for allegedly "intimidating" and "threatening" his employees.

10         15.   Around the same time, between 2019 and 2020, Plaintiff noticed that JBS/Swift

11   was beginning to terminate all employees who came from the Canada unit and who were of

12   Canadian national origin. Between 2019 and 2020, other than Plaintiff, JBS/Swift had terminated

13   every single employee who was of Canadian national origin.

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 1102.5

#### (Against all Defendants)

17         16.   Plaintiff hereby incorporates by reference each and every preceding paragraph of

18   this Complaint as though fully set forth herein.

19         17.   Labor Code section 1102.5 provides that an employer may neither retaliate against

20   an employee who reports to a governmental agency or to the employer itself his reasonable belief

21   that the employer has violated state or federal laws nor may the employer retaliate against the

22   employee who refused to participate in an activity that the employee reasonably believes would

23   result in violation of state or federal law.

24         18.   California Labor Code section 1102.5, subdivision (b), provides in pertinent part

25   that an employer, or any person acting on behalf of the employer, shall not retaliate against an

26   employee for disclosing information, or because the employer believes that the employee

27   disclosed or may disclose information, to a person with authority over the employee or another

28   employee who has the authority to investigate, discover, or correct the violation or noncompliance,

Exhibit A, Page 16

1  if the employee has reasonable cause to believe that the information discloses a violation of state

2  or federal statute, or a violation of or noncompliance with a local, state, or federal rule or

3  regulation.

4      19.      Further, section 1102.5 provides: (c) An employer may not retaliate against an

5  employee for refusing to participate in an activity that would result in a violation of state or federal

6  statute, or a violation or noncompliance with a state or federal rule or regulation; (d) An employer

7  may not retaliate against an employee for having exercised his or her rights under subdivision (a),

8  (b ), or ( c) in any former employment.

9      20.      Plaintiff had a reasonable belief that the employer, JBS/Swift, violated state or

10  federal wage and hour laws when Plaintiff discovered that some of his subordinates were not

11  taking their lunches/breaks and/or that employee time was being mis-recorded. Plaintiff

12  complained to Defendants about the various violations of federal and state laws. Plaintiff refused

13  to participate in the activity that he and Defendants reasonably believed would result in violation

14  of state or federal law.

15      21.      Subsequently, Defendants retaliated against Plaintiff for his reporting of, and

16  refusal to participate in, such illegal activities by management, and for complaining about such

17  illegal conduct to management.

18      22.      As a direct and proximate result of the conduct of Defendants, and each of them,

19  Plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at

20  trial.

21      23.      As a further direct and proximate result of the acts of Defendants, and each of

22  them, Plaintiff has sustained emotional distress and pain and suffering all in an amount to be

23  proven at trial.

24      24.      Plaintiff alleges that the conduct of Defendants, and each of them, was malicious,

25  oppressive or fraudulent, or taken in conscious disregard of rights, health, safety, and economic

26  condition of Plaintiff, thereby entitling Plaintiff to an award of punitive damages under Civil Code

27  Section 3294.

28

## SECOND CAUSE OF ACTION

Exhibit A, Page 17

## NATIONAL ORIGIN DISCRIMINATION

### (Against all Defendants)

25.   Plaintiff hereby incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

26.   Plaintiff is entitled to the protections of the Fair Employment and Housing Act because of his national origin.

27.   Government Code 12940(a) precludes an employer from discriminating against an employee on the basis of national origin.

28.   In 2019, and through 2020, JBS/Swift began terminating all employees who were transferred to the Riverside unit from Canada and who were of Canadian national origin, including Plaintiff.

29.   JBS/Swift then terminated Plaintiff's employment due to the fact that he was of Canadian national origin.

30.   As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at trial.

31.   As a further direct and proximate result of the acts of Defendants, and each of them, Plaintiff has sustained emotional distress and pain and suffering all in an amount to be proven at trial.

32.   Plaintiff alleges that the conduct of Defendants, and each of them, was malicious, oppressive or fraudulent, or taken in conscious disregard of rights, health, safety, and economic condition of Plaintiff, thereby entitling Plaintiff to an award of punitive damages under Civil Code Section 3294.

### THIRD CAUSE OF ACTION

### FAILURE TO TAKE STEPS TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION

### (Against all Defendants)

33.   Plaintiff hereby incorporates by reference each and every preceding paragraph of

Exhibit A, Page 18

1    this Complaint as though fully set forth herein.

2       34.    Government Code section 12940, subdivision (k), states that it is an unlawful

3 employment practice for an employer to "fail to take all reasonable steps necessary to prevent

4 discrimination from occurring."

5       35.    The facts alleged in this Complaint constitute violations of the Fair Employment

6 and Housing Act for failure to take all reasonable steps necessary to prevent discrimination,

7 harassment, and retaliation from occurring in violation of Government Code section 12940,

8 subdivision (k), of the Fair Employment and Housing Act.

9       36.    As a direct and proximate result of Defendants' discrimination in the form of

10 failing to take all reasonable steps to prevent the discrimination, harassment, and retaliation

11 described in this Complaint, Plaintiff has suffered lost wages and other benefits of employment in

12 an amount to be proven.

13       37.    As a further direct and proximate result of Defendants' acts, Plaintiff has sustained

14 emotional distress and pain and suffering all in an amount to be proven.

15       38.    Plaintiff alleges that the conduct of Defendants, and each of them, was malicious,

16 oppressive or fraudulent, or taken in conscious disregard of rights, health, safety, and economic

17 condition of Plaintiff, thereby entitling Plaintiff to an award of punitive damages under Civil Code

18 Section 3294.

19                 **FOURTH CAUSE OF ACTION**

20                       **RETALIATION**

21                 **(Against all Defendants)**

22       39.    Plaintiff hereby incorporates by reference each and every preceding paragraph of

23 this Complaint as though fully set forth herein.

24       40.    Government Code section 12940, subdivision (h), provides that it is an unlawful

25 employment practice for an employer or any person, to discharge, expel, or otherwise discriminate

26 against any person because the person has engaged in protected activity. Government Code

27 section 12940, subdivisions (h) and (m)(2), were in effect, and prohibited an employer from

28 retaliating against an employee for opposing practices prohibited by the Fair Employment and

Exhibit A, Page 19

1 Housing Act.

2      41.    The facts alleged in the above paragraphs constitute violations of the Fair

3 Employment and Housing Act, Government Code section 12940, subdivisions (f), (h), and (m), in

4 that Defendants retaliated against Plaintiff on the basis of his national origin.

5      42.    Plaintiff engaged in several separate protected activities, namely, opposing

6 employment practices prohibited by the Fair Employment and Housing Act.

7      43.    As a direct and proximate result of the employment discrimination described in this

8 cause of action, Plaintiff has suffered lost wages and other benefits of employment in an amount to

9 be proven at trial.

10     44.    As a further direct and proximate result of Defendants' unlawful acts, plaintiff has

11 sustained serious personal injuries, including, but not limited to, emotional distress, pain and

12 suffering, all in an amount to be proven at trial.

13     45.    Plaintiff alleges that the conduct of Defendants, and each of them, was malicious,

14 oppressive or fraudulent, or taken in conscious disregard of rights, health, safety, and economic

15 condition of Plaintiff, thereby entitling Plaintiff to an award of punitive damages under Civil Code

16 Section 3294.

17                    **FIFTH CAUSE OF ACTION**

18     **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

19                    **(Against all Defendants)**

20     46.    Plaintiff hereby incorporates by reference each and every preceding paragraph of

21 this Complaint as though fully set forth herein.

22     47.    Section 8 of the California Constitution and California Government Code, section

23 12920, et. seq. make it a civil right to be free from discrimination, including discrimination based

24 on national origin, retaliation and/or hostile work place, and Civil Code, section 51, prohibit and

25 render actionable any conduct of discrimination or retaliation against any individual/employee

26 because of the individual's national origin, retaliation and/or hostile work place.

27     48.    The facts alleged in the above paragraphs establish that Defendants, and each of

28 them, engaged in conduct that violated the public policies set forth in the various statutes and

Exhibit A, Page 20

1  constitutional provisions.

2      49.    As a direct and proximate result of the conduct of Defendants, and each of them,

3  Plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at

4  trial.

5      50.    As a further direct and proximate result of the acts of Defendants, and each of

6  them, Plaintiff has sustained emotional distress and pain and suffering all in an amount to be

7  proven at trial.

8      51.    Plaintiff alleges that the conduct of Defendants, and each of them, was malicious,

9  oppressive or fraudulent, or taken in conscious disregard of rights, health, safety, and economic

10  condition of Plaintiff, thereby entitling Plaintiff to an award of punitive damages under Civil Code

11  Section 3294.

12                                **SIXTH CAUSE OF ACTION**

13                **VIOLATION OF THE UNFAIR BUSINESS PRACTICES ACT**

14                              **(Against all Defendants)**

15      52.    Plaintiff hereby incorporates by reference each and every preceding paragraph of

16  this Complaint as though fully set forth herein.

17      53.    The Business & Professions Code Section 17200 prohibits any and all means or

18  acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice

19  and unfair, deceptive, untrue or misleading advertising and any act prohibited by [law]."

20      54.    Defendants, and each of them, engaged in unfair competition by conduct that

21  included unlawful, unfair, fraudulent, deceptive, untrue or misleading statements and

22  certifications, and other acts prohibited by law, as described in the above paragraphs.  Plaintiff

23  alleges that Defendants' violations of both Section 8 of the California Constitution, Government

24  Code, section 12920, et. seq., violations of Government Code section 12920, et. seq., and Civil

25  Code, section 51, constitute unlawful and unfair business practices.

26      55.    As a direct and proximate result of the conduct of Defendants, and each of them,

27  Plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at

28  trial.

Exhibit A, Page 21

56.     As a further direct and proximate result of the acts of Defendants, and each of them, Plaintiff has sustained emotional distress and pain and suffering all in an amount to be proven at trial.

57.     Plaintiff alleges that the conduct of Defendants, and each of them, was malicious, oppressive or fraudulent, or taken in conscious disregard of rights, health, safety, and economic condition of Plaintiff, thereby entitling Plaintiff to an award of punitive damages under Civil Code Section 3294.

## SEVENTH CAUSE OF ACTION

## HOSTILE WORKPLACE

### (Against all Defendants)

58.     Plaintiff hereby incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

59.     California Constitution, Art. 1, Sections 7, 8, and 15, California *Government Code*, section 12920, et. seq., and Title VII, confers to every employee the fundamental right to work in a harassment free workplace. Work harassment is unwelcome conduct that is linked to workplace conduct, which deprives the victim of an employment benefit. (*Government Code* section 12940, subd. (j).) Any employee of the employer who perpetrates hostility against another employee is individually liable for harm they cause. (*Government Code* section 12940, subd. (j)(3).)

60.     The facts alleged in this Complaint constitute a hostile work environment violation, in that the defendants, and each of them, subjected Plaintiff to harassment thereby creating a hostile, offensive and intimidating work environment that was sufficiently severe to alter the benefits of the workplace.  Defendants' hostile conduct against Plaintiff was based on his national origin, protected activity, and/or in retaliation.

61.     As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at trial.

62.     As a further direct and proximate result of the acts of Defendants, and each of them, Plaintiff has sustained emotional distress and pain and suffering all in an amount to be

Exhibit A, Page 22

1 | proven at trial.

2 |     63.    Plaintiff alleges that the conduct of Defendants, and each of them, was malicious,
3 | oppressive or fraudulent, or taken in conscious disregard of rights, health, safety, and economic
4 | condition of Plaintiff, thereby entitling Plaintiff to an award of punitive damages under Civil Code
5 | Section 3294.

6 | **<u>PRAYER</u>**

7 |     WHEREFORE, plaintiff LANE STOLL prays for judgment against defendants, and each
8 | of them, as follows:

9 |     1.    As to all causes of action, order Defendants to pay compensatory damages to
10 | Plaintiff for lost earnings and other benefits of employment, according to proof, with interest at the
11 | applicable legal rate.

12 |     2.    As to all causes of action, order Defendants to pay compensatory damages to
13 | Plaintiff to compensate for the emotional distress she suffered as a direct and proximate result of
14 | Defendants' unlawful conduct, according to proof.

15 |     3.    As to all causes of action, for prejudgment and post-judgment interest.

16 |     4.    As to all causes of action, for attorneys' fees, witness fees and costs of litigation
17 | incurred by Plaintiff.

18 |     5.    As to all causes of action, order Defendants to pay punitive damages to Plaintiff to
19 | compensate for the malicious, fraudulent and oppressive conduct of Defendants, according to
20 | proof.

21 |     6.    As to all causes of action, enjoin Defendants, their successors, agents, employees
22 | and all other persons acting on its behalf, to cease and desist from refusing to comply with the
23 | statutory provisions described above.

24 |     7.    As to all causes of action, order such other and further relief as the Court may deem
25 | just and proper, including attorney fees and costs, and pre-judgment interest.

26 |

27 |

28 |

Exhibit A, Page 23

1 | DATED:  November 16, 2020

2

3

LAW OFFICES OF REGINA SPURLEY

4

By: _____

5

Regina Spurley
Attorneys for Plaintiff LANE STOLL

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12
COMPLAINT

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Regina Spurley / Law Offices of Regina Spurley
300 N. Lake Ave., Suite 1100
Pasadena, CA 91101

TELEPHONE NO.: 310-285-8595    FAX NO. *(Optional):* 310-300-2112
ATTORNEY FOR *(Name):* Lane Stoll

**FILED**
Superior Court of California
County of Riverside
**11/17/2020**
**L. Mercado-Burni**
Electronically Filed

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Historic Courthouse

CASE NAME:
Lane Stoll v. JBS USA Food Co. dba Swift Beef Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CVRI2000256**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 7, wrongful termination, discrimination, retaliation, 1102.5, unfair business practices
5. This case [ ] is [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 17, 2020

Regina Spurley
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial...

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | |
|---|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 | |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 | |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 | |

**RI-030**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Regina Spurley (SBN 256908)<br>Law Offices of Regina Spurley<br>300 N. Lake Ave., Suite 1100<br>Pasadena, California<br><br>TELEPHONE NO: 310-285-8595    FAX NO. *(Optional):* 310-300-2112<br>E-MAIL ADDRESS *(Optional):* regina@raafirm.com<br>ATTORNEY FOR *(Name):* Lane Stoll | *FOR COURT USE ONLY*<br><br>**FILED**<br>**Superior Court of California**<br>**County of Riverside**<br><br>**11/17/2020**<br>**L. Mercado-Burni**<br><br>**Electronically Filed** |
| PLAINTIFF/PETITIONER: Lane Stoll | |
| DEFENDANT/RESPONDENT: JBS USA Food Co. dba Swift Beef Company, et al. | CASE NUMBER:<br>**CVRI2000256** |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of:     92518

☐ The action concerns real property located in the zip code of: _____

☒ The Defendant resides in the zip code of:     92518

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  November 17, 2020

Regina Spurley
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____
(SIGNATURE)

| | | |
|---|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-030 [Rev. 06/15/13] | **CERTIFICATE OF COUNSEL** | Local Rule 1.0015<br>riverside.courts.ca.gov/localforms/localforms.shtml |

Exhibit A, Page 27

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2000256

**Case Name:**   STOLL vs JBS USA FOOD CO

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Judge Daniel Ottolia in Department 4  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 12/07/2020

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: ~~~~~~~~~~~~~~~~~~

L. Mercado-Burni, Deputy Clerk

CI-NODACV
(Rev. 10/01/19)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2000256

**Case Name:**   STOLL vs JBS USA FOOD CO

Regina Spurley
300 N. LAKE AVE, SUITE 1100
PASADENA, CA 91101

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 06/07/2021 | 8:30 AM | **Department 4** |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 12/07/2020

,
Court Executive Officer/Clerk of Court

by:  NO SIGNATURE ON FILE
      ., Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Regina Spurley (SBN 256908)<br>Law Offices of Regina Spurley<br>300 N. Lake Ave., Suite 1100<br>Pasadena, California 91101 | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.: 310-285-8595          FAX NO. *(Optional)*:  310-300-2112
E-MAIL ADDRESS *(Optional)*: regina@raafirm.com
ATTORNEY FOR *(Name)*: Lane Stoll

**FILED**
Superior Court of California
County of Riverside
**5/21/2021**
**J. Hendrickson**
**Electronically Filed**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside  92501
BRANCH NAME: Historic Court House

PLAINTIFF/PETITIONER:    Lane Stoll
DEFENDANT/RESPONDENT:    JBS USA Food Co., et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**  [ ] **LIMITED CASE** | CVRI2000256 |

*(Check one):*  [X] **UNLIMITED CASE**
(Amount demanded exceeds $25,000)
[ ] **LIMITED CASE**
(Amount demanded is $25,000 or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: ~~June 7, 2021~~ June 8, 2021     Time: 8:30 am     Dept.: 4     Div.:          Room:
Address of court *(if different from the address above)*:

[X]  **Notice of Intent to Appear by Telephone,  by** *(name)*: Regina Spurley

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*.
   a. [X] This statement is submitted by party *(name)*: Lane Stoll
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: November 17, 2020
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [X] The following parties named in the complaint or cross-complaint
      (1) [X] have not been served *(specify names and explain why not)*:
         JBS USA Food Co., et al., due to pandemic, offices of agent for service of process have been physically closed
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) [ ] have had a default entered against them *(specify names)*:

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in  [X] complaint     [ ] cross-complaint     *(Describe, including causes of action)*:
      wrongful termination, discrimination, failure to take steps to prevent discrimination, hostile workplace, whistle-blower protection, unfair business practices

**Page 1 of 5**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: Lane Stoll | CASE NUMBER: |
| DEFENDANT/RESPONDENT: JBS USA Food Co., et al. | CVRI2000256 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff worked for defendant for several years without any issues until Plaintiff began reporting what he believed to be violations of law. Further, Plaintiff, a Canadian native, and other Canadian co-workers, who were recruited from Canada to work in the US facility were all terminated around the same time on the basis of their national origin.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   a.   The party or parties request ☒ a jury trial      ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a.   ☐ The trial has been set for *(date):*
   b.   ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   7/19/2021-12/6/2021 - 6 trials, 2 arbitrations scheduled back to back, 1/31/2022-2/25/2022 - trial, 3/14/2022-4/22/2022 - 2 trials, 5/10/2022-6/24/2022 - 2 trials, 7/5/2022-7/29/2022 - trial, 8/15/2022-9/11/2022 - 2 trials, 9/13/2022-9/30/2022 - trial

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.   ☒ days *(specify number):* 7-10
   b.   ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:                                    f.   Fax number:
   e.   E-mail address:                                       g.   Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1)   For parties represented by counsel: Counsel ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2)   For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.
    b.   **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
       (b)(3)

1   TRITIA M. MURATA (CA SBN 234344)
    TMurata@mofo.com
2   NEIL S. TYLER (CA SBN 301719)
    NTyler@mofo.com
3   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
4   Los Angeles, California 90017-3543
    Telephone: 213.892.5200
5   Facsimile: 213.892.5454

6   Attorneys for Defendants JBS USA
    FOOD COMPANY and SWIFT BEEF
7   COMPANY

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF RIVERSIDE

10  LANE STOLL, an individual,              Case No.    CVRI2000256

11              Plaintiff,                  **DEFENDANTS JBS USA FOOD
                                            COMPANY AND SWIFT BEEF
12        vs.                               COMPANY'S ANSWER TO
                                            PLAINTIFF'S UNVERIFIED
13                                          COMPLAINT**
    JBS USA FOOD CO. dba SWIFT BEEF
14  COMPANY, a California business, form
    unknown; JBS CASE READY, a California   Action Filed: November 17, 2020
15  business, form unknown; and DOES 1 through   Trial Date: None Set
    20, inclusive,
16
17              Defendants.

18        Defendants JBS USA FOOD COMPANY and SWIFT BEEF COMPANY ("Defendants")[1]

19  hereby submit this Answer to the unverified Complaint (the "Complaint") of Plaintiff LANE

20  STOLL ("Plaintiff"), as follows:

21                          **GENERAL DENIAL**

22        1.       Pursuant to § 431.30, subdivision (d) of the Code of Civil Procedure, Defendants

23  generally deny each and every material allegation contained in the Complaint, and each cause of

24  action thereof, and specifically deny that Plaintiff has been damaged in any manner or amount, as

25  alleged in the Complaint, or at all.

26        WHEREFORE, Defendants pray for judgment as hereinafter set forth.

27  _____

28  [1] Defendant "JBS Case Ready" is a non-existent entity.

## SEPARATE AND ADDITIONAL DEFENSES

### FIRST SEPARATE AND ADDITIONAL DEFENSE

#### (Failure to State a Claim)

2.  The Complaint and each purported cause of action contained therein fail to state facts sufficient to constitute a cause of action.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

#### (Statute of Limitations)

3.  The Complaint and each purported cause of action contained therein are barred to the extent Plaintiff seeks relief for conduct occurring outside the applicable statute of limitations, as set forth in Code of Civil Procedure sections 335.1, 338(a), and 343; Government Code sections 12960 and 12965; and Business and Professions Code section 17208, among others.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

#### (Statute of Limitations - FEHA)

4.  To the extent Plaintiff's claims are based upon events, incidents, acts or omissions that occurred more than three years before he filed any charge with the California Department of Fair Employment and Housing ("DFEH"), the Complaint and Plaintiff's Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action contained therein are barred, in whole or in part, by Plaintiff's failure to timely exhaust his administrative remedies under the California Fair Employment and Housing Act ("FEHA").

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

#### (Legitimate Non-Discriminatory Reasons for Action)

5.  All of the employment decisions about which Plaintiff complains were made for legitimate, nondiscriminatory and non-retaliatory reasons, unrelated to Plaintiff's alleged national origin or protected conduct or any other status protected by law, and unrelated to any activities or conduct protected by law.

DN 6034492.1
Exhibit A, Page 34

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Standing)

6.     The Complaint and each purported cause of action contained therein are barred to the extent Plaintiff lacks standing to assert these matters against Defendants.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Not Employer)

7.     The Complaint and each purported cause of action contained therein are barred to the extent Defendants did not employ Plaintiff during the period of time relevant to his claims in this action.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Same Decision)

8.     Defendants would have made the same decisions regarding Plaintiff's employment regardless of any alleged unlawful motive, and any alleged adverse actions would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by Section 1102.5.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Workers' Compensation Preemption)

9.     This Court lacks jurisdiction over Plaintiff's claims for damages for mental, emotional, or physical injuries arising out of Plaintiff's employment, in that the exclusive remedy for such causes of action is provided by the Workers' Compensation Act, California Labor Code section 3200 et. seq.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Good Faith)

10.     The Complaint and each purported cause of action contained therein are barred because Defendants acted in good faith and for good cause at all times, Defendants had reasonable grounds for believing their acts did not violate the law, Defendants abided by, honored, and acted in accordance with the policies, practices, and procedures that governed the relationship with Plaintiff, and Defendants acted without malice, reckless indifference, or desire to harm Plaintiff.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Fundamental Public Policy)**

11.    The Complaint and the Fifth Cause of Action for Wrongful Termination in Violation of Public Policy contained therein are barred to the extent they are not carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Comply with Policies)**

12.    The Complaint and each purported cause of action contained therein are barred because Defendants have taken reasonable care to avoid and eliminate discrimination and retaliation, Plaintiff did not comply with policies applicable to his employment or take reasonable steps to take advantage of Defendants' safeguards to prevent harm, and reasonable use of Defendants' policies and procedures would have prevented the harm that Plaintiff allegedly suffered, to the extent any harm occurred at all (which Defendants deny).

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Plaintiff's Other Conduct)**

13.    The Complaint and each purported cause of action contained therein are barred to the extent any alleged damages were caused by the negligence, failure to perform, or other conduct of the Plaintiff.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(After-Acquired Evidence)**

14.    The Complaint and each purported cause of action contained therein are barred to the extent Plaintiff engaged in any fraud or misconduct of which Plaintiff's employer was unaware until after Plaintiff filed suit, and which, if known, would have caused Plaintiff to be terminated or not hired in the first place.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Avoidable Consequences)**

15.    Plaintiff is barred from any recovery against Defendants because (1) reasonable care was exercised to prevent and promptly correct any allegedly harassing conduct against Plaintiff; (2)

4

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPANY

DN 6034492.1
Exhibit A, Page 36

Plaintiff unreasonably failed to take advantage of Defendants' harassment prevention and correction policies and procedures; and (3) reasonable use of Defendants' harassment prevention and correction policies and procedures would have prevented the harm that Plaintiff allegedly suffered, to the extent any harassment or harm occurred at all (which Defendants deny).

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Internal Remedies)

16.    The complaint and each purported cause of action contained therein are barred to the extent Plaintiff unreasonably failed to take advantage of Defendants' effective equal employment opportunity or other policies or otherwise exhaust internal remedies.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Administrative Remedies)

17.    The Complaint and each purported cause of action contained therein are barred to the extent Plaintiff failed to exhaust administrative remedies as to each named Defendant as a prerequisite to filing suit.  In particular, the Complaint and each purported cause of action contained therein are barred to the extent they assert claims premised on allegedly unlawful conduct not included in a charge filed by Plaintiff with the DFEH, because such allegations could not be expected to flow from any investigation conducted by the DFEH and thus do not comply with the administrative exhaustion requirements of FEHA, Gov. Code, § 12900, *et seq*.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver)

18.    The Complaint and each purported cause of action contained therein are barred to the extent Plaintiff, by his actions, has waived any claims he had against Defendants, to the extent he had any such claim (which Defendants deny).

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

19.    The Complaint and each purported cause of action contained therein are barred to the extent any conduct of Defendants that is alleged to be unlawful was taken as a result of conduct by Plaintiff, and he is thus estopped to assert any cause of action against Defendants.

DN 6034492.1
Exhibit A, Page 37

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

20.     The Complaint and each purported cause of action contained therein are barred to the extent Plaintiff has been guilty of improper conduct connected to the matters alleged in the Complaint.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Consent)

21.     The Complaint and each purported cause of action contained therein are barred to the extent Plaintiff consented to the alleged conduct of Defendant.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate)

22.     Any damages or penalties should be reduced to the extent Plaintiff failed to mitigate them.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Offset)

23.     Any damages claimed by Plaintiff should be reduced to the extent they are subject to offset, representing amounts improperly obtained from Defendant, or which would constitute unjust enrichment to Plaintiff, or which Plaintiff received from other sources, including Workers' Compensation or alternative and/or subsequent employment.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (No Damages)

24.     The Complaint and each purported cause of action contained therein are barred to the extent Plaintiff cannot establish that he sustained any damages as a result of any actions taken, or not taken, by Defendants.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Causation)

25.     The Complaint and each purported cause of action contained therein are barred because any damages allegedly suffered by Plaintiff were proximately and actually caused by his

DN 6034492.1
Exhibit A, Page 38
sf-4520079

own acts or omissions, the acts or omissions of a third party, or by events outside of Defendants' control, and not by Defendants.

### TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages)

26.     Plaintiff's claims for punitive damages are precluded because Defendants acted in good faith and without fraud, oppression, or malice toward Plaintiff or his rights.

### TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (No Emotional Distress)

27.     Plaintiff's claims for damages and mental or emotional injuries arising out of Plaintiff's employment are barred because Defendants' action were not intentional, Defendants' actions were not outrageous, and Plaintiff has not suffered any severe emotional distress.

### TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Adequate Legal Remedy)

28.     To the extent Plaintiff seeks injunctive relief or any other form of equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law, and because any harm Plaintiff suffered is not irreparable.

### TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Bases for Injunctive Relief)

29.     To the extent Plaintiff seeks injunctive relief, Plaintiff is not entitled to such relief because Plaintiff is a former employee who lacks standing to seek injunctive relief as to Defendants' employment practices, and in any event, there is no ongoing wrongful conduct to enjoin, and Plaintiff cannot show the possibility of irreparable harm as a result of any acts or omissions by Defendants.

Defendants reserve the right to amend their Answer to allege any additional defenses as may later become available or apparent to them. Further, Defendants reserve the right to withdraw any defenses that they subsequently determine to be inapplicable. No defense is being knowingly or intentionally waived. Nothing stated in the foregoing defenses constitutes a concession that

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPANY

DN 6034492.1
Exhibit A, Page 39

1    Defendants bear the burden of proof on any issue on which they would not otherwise bear such

2    burden.

3                                    **PRAYER FOR RELIEF**

4        **WHEREFORE**, Defendants pray for judgment as follows:

5        1.      That this Court deny Plaintiff's claims in their entirety and Plaintiff takes nothing by

6    virtue of this action;

7        2.      That judgment be entered in favor of Defendants and against Plaintiff and the action

8    be dismissed with prejudice;

9        3.      For Defendants' costs of suit and attorneys' fees incurred herein; and

10       4.      For such other and further relief as the Court may deem just and proper.

11   Dated: July 1, 2021                        MORRISON & FOERSTER LLP

12

13                                    By:    _Tritia M. Murata_____

14                                           Tritia M. Murata

15                                           Attorneys for Defendants JBS USA FOOD
                                             COMPANY and SWIFT BEEF COMPANY
16

17

18

19

20

21

22

23

24

25

26

27

28

                                              8

**PROOF OF SERVICE BY MAIL**
(Code Civ. Proc. secs. 1013(a), 2015.5)

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Suite 6000, Los Angeles, California 90017-3543; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**DEFENDANTS JBS USA FOOD COMPANY AND SWIFT BEEF COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 707 Wilshire Boulevard, Suite 6000, Los Angeles, California 90017-3543, in accordance with Morrison & Foerster's ordinary business practices:

Regina Spurley
LAW OFFICES OF REGINA SPURLEY
300 N. Lake Ave,, Suite 1100
Pasadena, CA 91101
Telephone: 310.285.8595
Facsimile: 310.300.2112
Email: regina@raafirm.com

*Attorneys for Plaintiff*
Lane Stoll

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Los Angeles, California, this 1st day of July, 2021.

_____          _____
        Kenneth A. Martin                              (signature)
             (typed)

sf-4520841

PROOF OF SERVICE