UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1111 JGB (SHKx)** | Date | September 16, 2021 |
|---|---|---|---|
| Title | *Lane Stoll v. JBS USA Food Company, Swift Beef Company, and Does 1-20* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Plaintiff's Motion for Remand (Dkt. No. 20); and (2) VACATING the September 20, 2021 Hearing (IN CHAMBERS)

Before the Court is Motion for Remand filed by Plaintiff Lane Stoll ("Plaintiff"). ("Motion," Dkt. No. 20.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion. The Court vacates the hearing set for September 20, 2021.

## I.   BACKGROUND

On November 17, 2020, Plaintiff filed his Complaint in the Superior Court of the State of California for the County of Riverside against Defendants JBS Food Company and Swift Beef Company ("Defendants"). ("Notice of Removal," Dkt. No. 1.) On July 2, 2021, Defendants removed the action to federal court. (Id.) The Complaint claims that Defendants' wrongful termination of Plaintiff's employment was predicated on (1) discrimination on the basis of nationality and (2) retaliation for reporting wage and hour law violations. (Complaint ¶¶ 9-15). He alleges seven causes of action:

(1) Violation of Cal. Lab. Code § 1102.5;
(2) Discrimination on the basis of national origin in violation of the California Fair Employment and Housing Act ("FEHA");
(3) Failure to prevent discrimination, harassment, and retaliation in violation of FEHA;
(4) Retaliation for engaging in a protected activity in violation of FEHA;

  (5) Wrongful termination in violation of public policy;
  (6) Violation of the Cal. Bus. & Prof. Code § 17200; and
  (7) Hostile work environment in violation of FEHA and Title VII of the Civil Rights Act of 1964. (See generally id.)

On July 2, 2021, Defendants removed the action to federal court. (Dkt. No. 1.) Plaintiff filed the Motion on August 2, 2021. ("Motion," Dkt. No. 20.) Defendants opposed the Motion on August 9, 2021. ("Opposition," Dkt. No. 20.) Plaintiff replied in support of the Motion on August 16, 2021. ("Reply," Dkt. No. 23.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

Plaintiff moves for remand on the assertion that the amount in controversy is less than $75,000.[1] (Motion at 4.) Plaintiff seeks damages for "lost wages and other benefits of employment in an amount to be proven at trial" and "emotional distress and pain and suffering." (Complaint ¶¶ 22-24, 30-32, 36-38, 43-45, 49-51, 55-57, 51-63.) Defendants' Notice of Removal

---

[1] Plaintiff does not dispute that the parties are diverse.

provides that Plaintiff's annual salary was $114,000 and calculates the lost wages amount to approximate $152,000. (Dkt. No. 1-1.) Plaintiff also seeks punitive damages. (Complaint ¶¶ 24, 32, 38, 45, 51, 57, 63.) Plaintiff's claims authorize recovery of each of these types of damages. These seven damage claims, if successful, would certainly net Plaintiff an award in excess of $75,000, exclusive of both punitive damages and attorneys' fees.

Plaintiff's arguments to the contrary are not convincing. Plaintiff's contention that this amount is not supported by evidence other than "speculation that Plaintiff must still be unemployed today" is meritless. (Motion at 6). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Furthermore, Plaintiff is incorrect that Defendants have not sufficiently demonstrated the amount in controversy because Defendants have not presented evidence of Plaintiff's subsequent employment status. (Motion at 6.) That information is in Plaintiff's control; Plaintiff's assertion on the face of the Complaint that he is entitled to recover lost wages leads to a reasonable inference on the part of Defendants that Plaintiff has remained unemployed, at minimum, from the time of termination to the filing of the complaint—250 days. Plaintiff's contention that his damages would not exceed $75,000 if he were unemployed for merely a day, while true as a hypothetical, is belied by the Complaint's language. His damage demand includes "other benefits of employment," which strongly implies that Plaintiff, at the time of filing, was not employed. (Complaint.) At a yearly salary of $114,000 (Defendants' showing uncontested by Plaintiff), Plaintiff's recovery for lost wages would constitute the better part of a year's earnings, not including other damages sought, for each of his seven claims.

In assessing the amount in controversy, the Court may consider the amount of attorneys' fees Plaintiff is likely to recover. Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018). Defendants establish that the attorneys' fees likely to be incurred by Plaintiff clearly exceed the jurisdictional threshold. (Opposition 5-18).

### IV.   CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion. The September 20, 2021 hearing is VACATED.

**IT IS SO ORDERED.**